IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZAMAN ASHRAF,

    Plaintiff,

v.                                                      Civil Action No. 3:12CV908

PETER S. DUFFY, et al.,

    Defendant.

**MEMORANDUM OPINION**

Zaman Ashraf, a Virginia inmate proceeding pro se and in forma pauperis, brings this action pursuant to Bivens action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

I.    **BACKGROUND**

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citation omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002);

2

Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

In his Complaint, Ashraf names as Defendants Peter S. Duffy, Michael Ramos, and Paige Peterson, three Assistant United States Attorneys who prosecuted Ashraf in a criminal matter, and Kent J. Mullen, a Task Force Officer with the Drug Enforcement Agency who investigated the case. (Compl. 1.) The Court first notes that throughout his lengthy Complaint, Ashraf essentially repeats his claims three times and adds or subtracts defendants in the new iteration of his claims. The Court has surveyed the Complaint and, below, outlines the claims at bar. The Court has generously construed Ashraf's claims by including any claim against any person listed by Ashraf. Ashraf raises the following claims for relief:

> Claim 1: Defendant Duffy breached the terms of Ashraf's plea agreement by never giving Ashraf a "2 point reduction [in sentencing calculation] for acquired waiver to deportation." (Compl. 1-2, 10).
>
> Claim 2: Defendant Mullen breached Ashraf's plea agreement by not giving Ashraf "a reduction in sentence for his assistance to the Government which was provided on April 5th, 2004." (Id. at 3, 11-12, 17-20).

3

|  |  |
|---|---|
| Claims 3/4: | Defendants Peterson, Ramos, Mullen, and Duffy violated the immunity provision of Ashraf's plea agreement (Id. at 4-5, 12-14, 18-19). |
| Claim 5: | Defendants Peterson and Ramos violated the Double Jeopardy Clause[2] by prosecuting Ashraf in the Eastern District of New York after being prosecuted in the Eastern District of Virginia. (Id. at 5-8, 14, 20-21). |
| Claim 6: | Defendant Mullen also violated his rights under the Fifth Amendment,[3] because he failed to provide Ashraf with Miranda warnings.[4] (Id. at 8, 14-15, 21). |
| Claim 7: | Defendant Mullen violated Ashraf's Fifth Amendment rights because he "continued the interrogation of Plaintiff Ashraf after his Attorney . . . had left." (Id. at 9, 15-16, 22.) |

Ashraf demands a sentencing reduction (id. at 23), the invalidation of his New York and Virginia federal convictions (id. at 23-25), prosecution of the Defendants (id. at 25), and $7,000,000.00 per count in monetary damages. (Id. at 26.)

---

[2] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[3] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

4

**Analysis**

The premise behind Ashraf's claims, that he can vacate or alter his criminal convictions and obtain monetary damages stemming from his purportedly improper incarceration through a civil lawsuit, "is legally frivolous under Heck v. Humphrey, 512 U.S. 477 (1994), and related cases." Payne v. Virginia, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In Heck, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a . . . prisoner seeks damages in a [42 U.S.C.] § 1983[5] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

---

[5] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

already been invalidated." Id. at 487. The rationale in Heck and related cases applies with equal force to Bivens actions. See Omar v. Chasanow, 318 F. App'x 188, 189 n.* (4th Cir. 2009) (citing Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995)).

The Supreme Court has extended Heck to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. See Edwards v. Balisok, 520 U.S. 641, 646 (1997). In Balisok, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in Heck. Id. The Supreme Court summarized that Heck and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Accordingly, the first question this Court must ask is whether success on Ashraf's claims necessarily imply the invalidity of his current confinement. Heck, 512 U.S. at 487.

Ashraf fails to articulate, and the Court cannot conceive, how he could prevail on his claims and not simultaneously invalidate his federal convictions or sentence. See Edwards, 520 U.S. at 648; Heck, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007); Schneider v. Ryan, No. 95-6166, 1996 WL 146542, at *1 (2d Cir. Apr. 1, 1996) (concluding Heck barred claim against Assistant United States Attorney and several special agents for conspiring to refuse to move for downward departure in sentence for cooperation); see also Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled

6

> to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").
>
> Because success on his claims necessarily implies invalid confinement, under the second portion of the Heck analysis, Ashraf must demonstrate a successful challenge to his current conviction. Heck, 512 U.S. at 487. Ashraf presents no evidence that the federal court has invalidated his current convictions or sentence. Id. at 486-87. Thus, Heck bars Ashraf's claims.[6]
>
> Accordingly, it is RECOMMENDED that Ashraf's claims be DISMISSED WITHOUT PREJUDICE AS LEGALLY FRIVOLOUS.

(June 11, 2014 Report and Recommendation (alterations and omission in original).) The Court advised Ashraf that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Ashraf has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

---

[6] Prosecutorial immunity also bars Ashraf's claims against Defendants Duffy, Ramos, and Peterson. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Nothing in the record demonstrates that the actions taken by Defendants Duffy, Ramos, and Peterson in prosecuting Ashraf fell outside of their role as advocates for the United States. See Imbler, 424 U.S. at 430.

7

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Ashraf's claims and the action will be dismissed without prejudice as legally frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Ashraf.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 21, 2014
Richmond, Virginia